**ENCYCLOPAEDIA BRITANNICA, INC., Plaintiff,**

v.

**ALPINE ELECTRONICS OF AMERICA, INC., Alpine Electronics, Inc., Denso Corporation, Toyota Motor Sales, U.S.A., Inc., American Honda Motor, Co., Inc., and Garmin International, Inc., Defendants.**

**Encyclopaedia Britannica, Inc., Plaintiff,**

v.

**Magellan Navigation, Inc. and Tomtom, Inc., Defendants.**

Nos. A–06–CA–578–LY, A–07–CA–787–LY.

United States District Court, W.D. Texas, Austin Division.

Aug. 3, 2009.

Barton E. Showalter, Brian W. Oaks, David G. Wille, Baker & Botts, L.L.P., Dallas, TX, Kevin M. Sadler, Baker Botts, LLP, Austin, TX, Scott F. Partridge, Baker & Botts LLP, Houston, TX, for Plaintiff.

Alison A. Richards, Joseph Jacobi, Noah F. Webster, Paul R. Steadman, Shira J. Kapplin, William A. Streff, Jr., Kirkland & Ellis LLP, Chicago, IL, Eva C. Ramos, J. Hampton Skelton, Skelton & Woody, Alan D. Albright, Fish & Richardson, PC, Austin, TX, Shane A. Brunner, Michael Best & Friedrich, LLP, James D. Peterson, Godfrey & Kahn, S.C., Madison, WI, Indranil Mukerji, James A. Fussell, III, Kori Anne Bagrowski, Lauren A. Degnan, Ruffin B. Cordell, Fish & Richardson P.C., Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEE YEAKEL, District Judge.

Before the Court are Defendants' Motion for Summary Judgment of Invalidity and for Order Setting the Effective Filing Date of U.S. Patents 7,051,018 and 7,082,-437 filed February 20, 2009 (Doc. # 71 in A–06–CA–578–LY and Doc. # 121 in A–07–CA–787–LY); Plaintiffs Response to Defendants' Motion for Summary Judgment of Invalidity and for Order Setting the Effective Filing Date of U.S. Patents 7,051,018 and 7,082,437 filed March 16, 2009 (Doc. # 74 in A–06–CA–578–LY and Doc. # 124 in A–07–CA–787–LY); Defendants' Reply in Support of Motion for Summary Judgment of Invalidity filed March 27, 2009 (Doc. # 76 in A–06–CA–578–LY and Doc. # 125 in A–07–CA–787–LY); and Plaintiff's Sur–Reply in Response to Defendants' Reply in Support of Motion for Summary Judgment of Invalidity filed April 1, 2009 (Doc. # 80 in A–06–CA–578–LY and Doc. # 129 in A–07–CA–787–LY). Also before the Court are Defendants' letter dated March 9, 2009 (Doc. # 123 in A–07–CA–787–LY) and Plaintiff's letter received by the Court on March 25, 2009. In reaching the decision contained in this Memorandum Opinion and Order, the Court has considered the substance of the correspondence and the cases attached thereto as supplemental briefing supporting the parties' respective positions.

On February 6, 2009, the Court rendered an order staying the remainder of the cause pending the Court's rendering of the order on Defendants' motion for summary judgment (Doc. # 70 in A–06–CA–578–LY and Doc. # 120 in A–07–CA–787–LY). With the rendering of this Memorandum Opinion and Order, the Court will lift the stay in this cause.

**IT IS THEREFORE ORDERED** that the **STAY IS LIFTED.**

### I. Introduction

Plaintiff Encyclopaedia Britannica, Inc. ("Britannica") filed this cause seeking damages for the infringement of U.S. Patents 7,051,018 ("the '018 Patent") and 7,082,437 ("the '437 Patent") (collectively, the "Patents–in–Suit") by Defendants. The Patents–in–Suit claim priority to U.S. Patent 5,241,671 ("the '671 Patent"), which was issued from U.S. Patent Appl. No. 07/426,917 ("the '917 Application" or "1st Application") filed October 26, 1989, through a priority chain that traces through several subsequent applications. At issue in this summary-judgment motion are two links in the priority chain: (1) between the 1st Application and U.S. Patent Appl. No. 08/113,955 ("the '955 Application" or "2nd Application"), which was deposited on August 31, 1993, but formally abandoned by Notice of Abandonment is-

sued March 23, 1995; and (2) between the 2nd Application and U.S. Patent Appl. No. 08/202,985 ("the '985 Application" or "the 3rd Application"), which was filed February 28, 1994.

The parties do not dispute that the Patents–in–Suit properly claim priority to the 3rd Application, filed February 28, 1994. However, they do dispute whether the 3rd Application can claim priority to the 1st Application, filed October 26, 1989, through the 2nd Application, which was abandoned. Britannica asserts that the Patents–in–Suit have priority to the 1st Application filing date through a chain of priority that traces through the abandoned 2nd Application. Defendants argue that because Britannica failed to comply with the statutory requirements for its priority claim by abandoning the 2nd Application, Britannica broke the priority chain, thereby negating any benefit of the 1st Application filing date and the '671 Patent's priority date. Without the priority date of the '671 Patent, Defendants assert, the Patents–in–Suit are invalid because Britannica published a foreign patent application, WO91/06916 (referred to as the "Published Application"), on May 16, 1991, which includes substantially similar text and figures to the Patents–in–Suit in this cause rendering it prior art to the Patents–in–Suit under 35 U.S.C. § 102(b) (2001).

## II. Applicable Law

### A. Summary–Judgment Standard

■ With regard to procedural issues not unique to patent law, the law of the regional circuit controls. *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1358 (Fed.Cir.2005). This includes summary-judgment motions filed pursuant to Federal Rule of Civil Procedure 56(c). *Air Turbine Tech., Inc. v. Atlas Copco AB,* 410 F.3d 701, 707 (Fed. Cir.2005). In this case, Fifth Circuit law controls. Summary judgment should be granted if the record, taken as a whole,

"together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir.2006); *New York Life Ins. Co. v. Travelers Ins. Co.,* 92 F.3d 336, 338 (5th Cir.1996); *see also M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.,* 439 F.3d 1335, 1339 (Fed.Cir.2006). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc* ) (quoting *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist creating a genuine issue for trial. *See Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996). The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Warfield,* 436 F.3d at 557; *see also Wallace,* 80 F.3d at 1047; *Little,* 37 F.3d at 1075. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an

actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075. The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*

■ In order to determine whether summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Stipulated Facts

The Patents–in–Suit in these two causes, the '437 and '018 Patents, both claim priority to the 1st Application through the 2nd Application.

The '437 Patent states:

This application is a continuation of U.S. application Ser. No. 10/103,814, filed Mar. 25, 2002, which is a continuation of U.S. application Ser. No. 08/202,985, filed Feb. 28, 1994, now U.S. Patent No. 6,546,399, issued Apr. 8, 2003, which is a continuation of application Ser. No. 08/113,955, filed Aug. 31, 1993, now abandoned, which is a continuation of U.S. application Ser. No. 07/426,917, filed Oct. 26, 1989, now U.S. Pat. No. 5,241,671, the disclosures of which are incorporated herein by reference in their entireties.

The '018 patent states:

This application is a continuation of U.S. application Ser. No. 10/103,814, filed Mar. 25, 2002, which is a continuation of U.S. application Ser. No. 08/202,985, filed Feb. 28, 1994, now U.S. Pat. No. 6,546,399, issued Apr. 8, 2003, which is a continuation of application Ser. No. 08/113,955, filed Aug. 31, 1993, now abandoned, which is a continuation of U.S. application Ser. No. 07/426,917, filed Oct. 26, 1989, now U.S. Pat. No. 5,241,671, the disclosures of which are incorporated herein by reference in their entireties.

U.S. Patent 6,546,399, filed as U.S. Patent Application No. 08/202,985, or 3rd Application, states: "This is a continuation of application Ser. No. 08/113,955, filed Aug. 31, 1993, now abandoned, which is a continuation of application Ser. No. 07/426,917, filed Oct. 26, 1989, U.S. Pat. No. 5,241,-671."

U.S. Patent 6,978,277, filed as U.S. Patent Application No. 10/103,814, or 4th Application, states:

This application is a continuation of U.S. application Ser. No. 08/202,985, filed Feb. 28, 1994, U.S. Pat. No. 6,546,399, which is a continuation of application Ser. No. 08/113,955, filed Aug. 31, 1993, now abandoned, which is a continuation of U.S. application Ser. No. 07/426,917, filed Oct 26, 1989, now U.S. Pat No. 5,241,671, the entire disclosure of all such applications are incorporated herein by reference.

The purported chain of priority is represented below:

The 1st Application issued as the '671 Patent on August 31, 1993. The 2nd Application was deposited with the Patent Office on August 31, 1993. The specification of the 2nd Application makes no reference to the 1st Application. No claim of priority was filed in the 2nd Application prior to March 23, 1995, the date the Patent Office issued a Notice of Abandonment for the 2nd Application. On August 31, 1993, Applicants did not submit a declaration signed by each named inventor or a filing fee with the 2nd Application.

The Patent Office sent Britannica a Notice of Incomplete Application on September 14, 1993, indicating that the first page of the specification of the 2nd Application was not submitted with the application. The Notice of Incomplete Application stated that the Patent Office did not assign the 2nd Application a filing date at that time.

On October 29, 1993, Britannica filed a Petition for Granting a Filing Date, arguing that the missing page was not necessary for an understanding of the claimed subject matter, and requested that the application be accepted without the missing page and be granted the filing date of August 31, 1993. In response to Britannica's October 29, 1993 Petition for Granting a filing date, the Patent Office issued a Petition Decision on February 16, 1994, in which it dismissed without prejudice the Petition for Granting a Filing Date.

According to the Petition Decision, the 2nd Application deposited in the Patent Office did not include the first page, and the missing first page rendered the application *prima facie* incomplete under the examination procedures of the Patent Office. The Petition Decision identified two ways Britannica could have a filing date

assigned to the 2nd Application: (1) file a request for reconsideration accompanied by an oath or declaration by the inventors including a statement that their invention is adequately disclosed in, and they wish to rely on, the application without the missing page of the specification for purposes of an original disclosure and filing date, which would entitle the applicant to an August 31,1993 filing date; or (2) file the missing page accompanied by a supplemental oath or declaration by the inventors referring to the specification originally deposited, as amended to include page 1, which would entitle the applicant to the filing date of the receipt of the page. The Petition Decision instructed that any request for reconsideration of the decision must be submitted within two months. Britannica did not exercise either option presented by the Patent Office in the Petition Decision.

On February 28, 1994, Britannica submitted a Petition for Extension of Time pursuant to 37 C.F.R. § 1.136(a). The Petition for Extension of Time noted that "[a]ny fees should be charged to Deposit Account No. 04–1073." After filing the Petition for Extension of Time, Britannica did not submit any documentation or fees for the 2nd Application between March 1, 1994 and March 23, 1995, when the Patent Office issued the Notice of Abandonment.

On February 28, 1994, Britannica filed a new application, the 3rd Application, which claims priority to the 2nd Application and indicates that the 2nd Application claims priority to the 1st Application. The 2nd Application was declared abandoned by the Patent Office on March 23, 1995 by the issuance of a Notice of Abandonment. The Notice of Abandonment stated that "[t]he $0 fee submitted with the application" would be refunded.

Britannica's foreign patent application, the Published Application, was published on May 16, 1991, more than a year prior to the actual filing date of the 2nd Applica-

tion. The written description of the Published Application includes substantially similar text and figures to the Patents–in–Suit in this cause.

On November 1, 2007, Britannica filed petitions (collectively, "the '955 Petitions") requesting that the Patent Office: (1) grant the 2nd Application a filing date of August 31, 1993 under 37 C.F.R. § 1.53(b) and amend the specification of the 2nd Application under 37 C.F.R. § 1.182 to claim priority under 35 U.S.C. § 120 to the 1st Application, which issued as the '671 Patent, or, alternatively and if necessary, (2) waive the requirements of 37 C.F.R. § 1.53 and § 1.181(f) in the interest of justice. On August 6, 2008, the Patent Office dismissed the '955 Petitions.

On October 6, 2008, Britannica filed a Request for Reconsideration of Dismissal of Petition Under 37 C.F.R. § 1.53(b) and/or 37 C.F.R. § 1.182 for Grant of a Filing Date and Amendment of Application (the "Request for Reconsideration"), requesting reconsideration of the Patent Office's August 6, 2008 dismissal.

On March 4, 2009, the Patent Office denied Britannica's Request for Reconsideration, concluding that because Britannica failed to meet the requirements of the applicable federal statutes the requested filing date of August 31, 1993, on the 2nd Application shall not be assigned.

### C. Analysis

■ Defendants seek summary judgment on the following grounds: (1) that the effective filing date of the Patents–in–Suit is no earlier than February 28, 1994, the date the 3rd Application was filed because the 2nd Application was abandoned and not assigned a filing date by the Patent Office; and (2) that even if the Patents–in–Suit can claim a priority date of August 31, 1993, the date the 2nd Application was deposited in the Patent Office,

Britannica's prior art, the Published Application, anticipates them, rendering the Patents–in–Suit invalid because the 2nd Application was not codependent with the 1st Application because it was not filed before the '671 Patent was issued. As noted by Defendants, Britannica argues that priority for the Patents–in–Suit traces through both the 2nd Application and the 3rd Application to the '671 Patent regardless of (1) whether the 2nd Application properly claimed priority to the '671 Patent, or (2) whether the 2nd Application was assigned a filing date.

The heart of Britannica's response to Defendants' motion for summary judgment is that the 2nd Application is entitled to the earlier filing date of the 1st Application because it satisfied the requirements of Section 120 of Title 35 of the United States Code in effect at the time of the application was received by the Patent Office. Specifically, Britannica argues that the 2nd Application describes the invention of the 1st Application, the 2nd Application was filed by the same inventors as the 1st Application, the 2nd Application was filed on August 31, 1993, before the '671 Patent was issued, and the 3rd Application specifically references both the 1st Application and the 2nd Application. As a result, Britannica argues, the 2nd Application is "entitled to" the filing date of the 1st Application, even if, under Section 120, the 2nd Application does not itself include a reference to the 1st Application. Because the 2nd Application is entitled to the filing date of the 1st Application, Britannica asserts, the 3rd Application is entitled to and properly claims the filing date of the 1st Application through the 2nd Application.

■ To properly claim the benefit of an earlier-filed application's filing date, a patent applicant must satisfy the requirements of Section 120 of Title 35 of the United States Code. At the time the 2nd Application was deposited in the Patent Office, Section 120 provided in pertinent part:

> An application for patent for an invention . . . in an application previously filed in the United States, . . . which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

35 U.S.C. § 120 (1993). As the statutory provision governing priority claims, no regulation or administrative action can properly supersede Section 120. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "[Section] 120 gives to any applicant for a patent complying with its terms the right to have the benefit of the filing date of an earlier application." *Racing Strollers, Inc. v. TRI Industries, Inc.*, 878 F.2d 1418, 1421 (Fed.Cir.1989).

The Patent Office specifically rejected Britannica's argument that Section 120 requires only that the 3rd Application specifically reference the 1st Application:

> [Britannica] further argues that the copendency requirements of 35 U.S.C. 120 have been met . . . . The instant application was deposited with the USPTO on August 31, 1993; however, as the instant application was never accorded a filing date and does not contain a specific reference to the prior application(s) in the specification, the requirements of 35 U.S.C. 120 and 37 C.F.R. 1.78(a) have not been met.

*In re Application of Michael Reed, et al.,* Appl. No. 08/113,955, Ruling on Petition, Paper No. 17, at 6 (U.S.P.T.O. Aug. 6, 2008). Britannica asserts that the 2nd Application was not required to contain a specific reference to the prior application under its interpretation of Section 120. Specifically, Britannica argues that Section 120's use of the phrase "entitled to" in the phrase "an application similarly entitled to the benefit of the filing date of the first application" indicates that the 3rd Application may maintain a chain of priority to the 1st Application through an application (e.g., the 2nd Application) that does not itself claim priority to the 1st Application if that document is nonetheless "entitled to" claim the benefit of the filing date of the 1st Application. Britannica asserts that the phrase "similarly entitled to" in the middle of Section 120 references the preceding portion of that section, which defines the requirements for the later-filed application to be "entitled" to the earlier-filed application's filing date. Britannica further argues that the condition that "it contains or is amended to contain a specific reference to the earlier filed application" comes after the reference to "similarly entitled to," indicating that the condition need not be satisfied for an application to be "entitled to" the benefit of the earlier-filed application's filing date. Instead, Britannica contends, this condition must only be satisfied for the application to "have the same effect . . . as though filed on the date of the prior application." Thus, Britannica concludes, the applicable version of Section 120 required only that the 2nd Application be *entitled to* the filing date of the 1st Application (that is, by disclosing the same invention and satisfying the common inventor and copendency requirements of Section 120) and did not require that the 2nd Application contain a reference to the 1st Application.

"The filing date of an application shall be the date on which the specification and any required drawing are received in the Patent and Trademark Office." 35 U.S.C. § 111 (1993). Britannica claims that the undisputed evidence in this record is that the 2nd Application had a specification and drawing, as required by the applicable statute, and thus was entitled to a filing date. Thus, Britannica asserts, whether the Patent Office assigns a filing date to an application does not dictate whether an application actually has or is entitled to a filing date. Therefore, Britannica argues, the Patent Office's arbitrary rulings to the contrary with respect to the 2nd Application are inconsistent with Section 120 and should not be considered by this Court.

Contrary to Britannica's interpretation, Defendants argue that a specific reference to the 1st Application was necessary for the Second Application to be "entitled to" the filing date of the 1st Application. The Court agrees. The phrase "an application similarly entitled to the benefit of the filing date of the first application" in Section 120 clearly requires that the application meets all the requirements of the Section, including the cross-referencing provision. In other words, the only way to determine whether an application is "similarly entitled to the benefit of the filing date of the first application," is by determining whether that application itself meets all the requirements of Section 120. By using the language "similarly entitled to the benefit of the filing date," the statute necessarily refers back to the entirety of Section 120 and not to only the portion of Section 120 that appears before the word "similarly" in the statute, as Britannica asserts. Therefore, under Section 120 the 2nd Application is not "similarly entitled to the benefit of the filing date" of the 1st Application unless it specifically cross-references that application. Because the 2nd Application did not do so, the 2nd Application was not entitled to any filing date.

The Patent Office expressly concluded in two decisions on Britannica's petitions regarding the 2nd Application that the requirements of Section 120 were not met. *In re Application of Michael Reed, et al.,* Appl. No. 08/113,955, Ruling on Petition, Paper No. 17, at 7 (U.S.P.T.O. Aug. 6, 2008); *In re Application Michael Reed, et al.,* Appl. No. 08/113,955, Ruling on Petition, Paper No. 26, at 9 (U.S.P.T.O. March 4, 2009). The Patent Office's decisions interpret the statutory requirements of Section 120 to require that each application in the chain must individually meet the requirements of the statute, and that for any application to be entitled to the filing date of a prior-filed application, it must have been both filed before the prior-filed application and make explicit reference to the prior-filed application. *See* 35 U.S.C. § 120. *See also Clover Club Foods Co. v. Gottschalk,* 178 U.S.P.Q. 505, 508 (C.D.Cal.1973). The Court finds no inconsistencies in the Patent Office's interpretation or application of Section 120 in this cause. Because the 2nd Application contains no specific reference to the 1st Application, the Court finds that the 3rd Application is not entitled to the benefit of the filing date of the 1st Application as the 2nd Application breaks the chain of priority.[1] Therefore, the Court concludes that the effective filing dates of the Patents–in–Suit is no earlier than February 28, 1994, the date that the 3rd Application was filed with the Patent Office. As Britannica

does not dispute that the Published Application was published on May 16, 1991, nearly three years before the 3rd Application was filed with the Patent Office, the Court finds that the Patents–in–Suit are invalid over the Published Application as prior art because the Published Application anticipates the asserted claims in the Patents–in–Suit under 35 U.S.C. § 102(b).[2]

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment of Invalidity and for Order Setting the Effective Filing Date of U.S. Patents 7,051,018 and 7,082,437 filed February 20, 2009 (Doc. # 71 in A–06–CA–578–LY and Doc. # 121 in A–07–CA–787–LY) is **GRANTED AS FOLLOWS:**

**IT IS ORDERED AND DECLARED** that U.S. Patents 7,051,018 and 7,082,437 are not entitled to the effective filing date of October 26, 1989, based on Application Serv. No. 07/426,917, or U.S. Patent 5,342,671.

**IT IS FURTHER ORDERED AND DECLARED** that the effective filing date of U.S. Patents 7,051,018 and 7,082,437 is not earlier than February 28, 1994.

**IT IS FURTHER ORDERED AND DECLARED** that U.S. Patents 7,051,018 and 7,082,437 are **INVALID** because they were anticipated by prior art published

---

1. Britannica also argues that because the Patent Office allowed the 3rd Application to issue as a patent, with a claim of priority on its face to the 1st Application through the 2nd Application, any requirement that the 2nd Application contain a specific reference to the 1st Application was waived. However, the Patent Office explicitly rejected this argument. *In re Application of Michael Reed, et al.,* Appl. No. 08/113,955, Ruling on Petition, Paper No. 26, at 8–9 (U.S.P.T.O. Aug. 6, 2008). For the reasons previously stated in this opinion, the Court finds the Patent Office's rulings in ac-

cord with the applicable federal statutes. Therefore, the Court declines to disregard the Patent Office's determination on Britannica's waiver issue.

2. Having determined that the 2nd Application failed to meet the requirements of Section 120 by not specifically referencing the 1st Application, the Court declines to address Britannica's remaining arguments regarding the 2nd Application's additional deficiencies, including the incomplete specification and the non-payment of required fees.

more than one year before the effective filing date.