**ENCYCLOPAEDIA BRITANNICA, INC., Appellant**

v.

**DICKSTEIN SHAPIRO, LLP, Appellee.**

No. 15-7100
September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed: June 10, 2016

Neil H. Koslowe, Attorney, Potomac Law Group, Washington, DC, Joseph N. Hosteny, Niro, Haller & Niro, Chicago, IL, for Plaintiff–Appellant.

J. Anthony Downs, Attorney, Goodwin Procter LLP, Boston, MA, Jacob Osborn, Goodwin Procter LLP, Washington, DC, David Zimmer, Goodwin Procter LLC, San Francisco, CA, for Defendant–Appellee.

Before: Millett, Circuit Judge; Ginsburg and Sentelle, Senior Circuit Judges.

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the orders granting Dickstein Shapiro's motion to dismiss and its motion for judgment on the pleadings be affirmed.

We agree with the district court that Encyclopaedia Britannica (EB) has not plausibly alleged Dickstein breached its duty of loyalty because nothing in EB's complaint, briefing to this court, or oral argument identified any way in which the Grossman affidavit contravened or undermined EB's strategy before the Patent and Trademark Office or in the underlying litigation, *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.,* 643 F.Supp.2d 874 (W.D. Tex. 2009), *aff'd* 609 F.3d 1345 (Fed. Cir. 2010). We also agree that Dickstein did not have a fiduciary duty to

notify EB of a possible malpractice claim under the circumstances here.

We also agree with the district court that EB cannot prove its "case-within-a-case" because the allegedly infringed claims of the '018 and '437 patents are invalid, notwithstanding their defective priority chains, and therefore EB has suffered no damages. *Encyclopaedia Britannica, Inc. v. Dickstein Shapiro LLP (EB II)*, 128 F.Supp.3d 103, 116 (D.D.C. 2015). We adopt the district court's analysis of the claims under 35 U.S.C. § 101, adding only that the analysis is not affected by *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 2016 WL 2756255 (Fed. Cir. May 12, 2016), which was decided after this case was fully briefed. In *Enfish*, the Federal Circuit rejected a challenge under § 101 to a patent for a "self-referential" model for organizing data in a computer database on the ground that the claims in question were not directed to an "abstract idea" under Step One of the test in *Alice Corp. Party Ltd. v. CLS Bank Int'l*, —— U.S. ——, 134 S.Ct. 2347, 189 L.Ed.2d 296 (2014). In so holding, the *Enfish* court framed the relevant inquiry as "whether the focus of the claims is on the specific asserted improvement in computer capabilities ... or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Id.* at 1335–36, 2016 WL 2756255 at *5. It concluded the patent claims did not merely recite a task "for which a computer is used in its ordinary capacity"; rather, they focused "on an improvement to computer functionality itself," *id.* by reciting with particularity "a specific type of data structure designed to improve the way a computer stores and retrieves data in memory." *Id.* at 1339, 2016 WL 2756255 at *8. The claims of the '018 and '437 patents, in contrast, are not directed to improving the functionality of a computer itself; they are directed to carrying out conventional tasks using a computer as a tool.

In affirming the district court's judgment, we note that EB did not contend that the district court's § 101 analysis contained underlying factual issues that required further evidentiary submissions or were not appropriately determined by "clear and convincing evidence." *See Microsoft Corp v. I4I Ltd. P'ship*, 564 U.S. 91, 131 S.Ct. 2238, 2253, 180 L.Ed.2d 131 (2011).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.