# United States Court of Appeals for the Federal Circuit

---

**ENCYCLOPAEDIA BRITANNICA, INC.,**
*Plaintiff-Appellant,*

**v.**

**ALPINE ELECTRONICS OF AMERICA, INC.,**
AND **ALPINE ELECTRONICS, INC.**
*Defendants-Appellees,*

**and**

**DENSO CORPORATION, TOYOTA MOTOR SALES,**
**U.S.A., INC.,**
AND **MAGELLAN NAVIGATION, INC.,**
*Defendants-Appellees,*

**and**

**AMERICAN HONDA MOTOR CO., INC.,**
AND **TOMTOM, INC.,**
*Defendants-Appellees,*

**and**

**GARMIN INTERNATIONAL, INC.,**
*Defendant-Appellee.*

---

2009-1544, -1545

---

Appeals from the United States District Court for the Western District of Texas in consolidated case Nos. 1:06-CV-00578 and 1:07-CV-00787, Judge Lee Yeakel.

Decided: June 18, 2010

JOHN C. ROZENDAAL, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., of Washington, DC, argued for plaintiff-appellant. With him on the brief were K. CHRIS TODD, GEOFFREY M. KLINEBERG, and BRENDAN J. CRIMMINS. Of counsel were DAVID G. WILLE, Baker Botts LLP, of Dallas, Texas, and WILLIAM S. FOSTER, JR., of Washington, DC.

PAUL R. STEADMAN, Kirkland & Ellis LLP, of Chicago, Illinois, argued for defendants-appellees Alpine Electronics of America, Inc., et al., DENSO Corporation, et al., American Honda Motor Co., Inc., and Garmin International, Inc. With him on the brief for DENSO Corporation, et al., was SHIRA J. KAPPLIN. On the brief for Alpine Electronics of America, Inc., et al., were GARY M. ROPSKI, CYNTHIA A. HOMAN, LAURA BETH MILLER, and CHRISTOPHER A. HARKINS, Brinks Hofer Gilson & Lione, of Chicago, Illinois. On the brief for American Honda Motor Co., Inc., were JOHN T. JOHNSON, Fish & Richardson P.C., of New York, New York, and THOMAS S. MCCLENAHAN, of Minneapolis, Minnesota. On the brief for Garmin International, Inc., was RAYMOND W. MORT, III, DiNovo, Price, Ellwanger, & Hardy LLP, of Austin, Texas.

LAUREN A. DEGNAN, Fish & Richardson, P.C., of Washington, DC, argued for defendant-appellee TomTom, Inc. With her on the brief were JAMES A. FUSSELL, III, and RUFFIN B. CORDELL.

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*.

Encyclopaedia Britannica, Inc. (Britannica) is the assignee of U.S. Patent Nos. 7,051,018 (the '018 patent) and 7,082,437 (the '437 patent). The '018 and '437 patents relate to a multimedia database search system for retrieving textual and graphical information. Britannica sued Alpine Electronics of America, Inc., Alpine Electronics, Inc., DENSO Corporation, Toyota Motor Sales, U.S.A., Inc., Magellan Navigation, Inc., American Honda Motor Company, Inc., TomTom, Inc., and Garmin International, Inc. (collectively, Defendants), alleging infringement of the '018 and '437 patents. The Defendants moved for summary judgment that the patents in suit are invalid as anticipated by Britannica's published foreign application. The district court granted their motion for summary judgment, declared the '018 and '437 patents invalid as anticipated, and dismissed the cases. *See Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 643 F. Supp. 2d 874 (S.D. Tex. 2009). Britannica appeals. For the reasons set forth below, we affirm.

BACKGROUND

Though both patents at issue were filed June 13, 2005, they each claim priority back to October 26, 1989 through a chain of patents and patent applications. The decision on appeal hinges on whether these patents are entitled to this priority date. Each of these patents contains an identical priority claim under the section titled "Related U.S. Application Data":

Continuation of application No. 10/103,814, filed on Mar. 25, 2002, which is a continuation of application No. 08/202,985, filed on Feb. 28, 1994, now Pat. No. 6,546,399, which is a continuation of application No. 08/113,955, filed on Aug. 31, 1993, now abandoned, which is a continuation of appli-

cation No. 07/426,917, filed on Oct. 26, 1989, now
Pat. No. 5,241,671.

Britannica's foreign patent application, WO91/06916, published on May 16, 1991, was found to anticipate under 35 U.S.C. § 102(b). Hence if the patents in suit are entitled to a priority date not later than one year after May 16, 1991, the foreign publication would not anticipate. The district court held that the patents in suit were not entitled to claim priority to U.S. Patent Application No. 07/426,917 (the '917 application) because an intermediate application in the chain of priority, U.S. Patent Application No. 08/113,955 (the '955 application), failed to satisfy the requirements of 35 U.S.C. § 120. The district court reasoned that because the '955 application was not entitled to the priority date of the '917 application, later filed patents could not claim priority to the '917 application through the '955 application.

The '955 application was filed on August 31, 1993, the same day the '917 application issued as the '671 patent.[1] The '955 application was not submitted with a filing fee or a declaration signed by the named inventors and was missing its first page entirely. The '955 application contained no reference to the '917 application. It made no claim of priority to any earlier filed applications; such a claim is generally made on the first page of the application. On September 14, 1993, the PTO sent Britannica a Notice of Incomplete Application and a Notice to File Missing Parts of Application, stating that the application was missing the first page of the specification, the oath or declaration, and the filing fee. The PTO indicated that

---

[1]   We previously affirmed the district court's judgment holding the only independent claim of the '671 patent, claim 1, invalid for indefiniteness. *Encyclopaedia Britannica, Inc. v. Alpine Elecs., Inc.*, 355 F. App'x 389 (Fed. Cir. 2009).

the filing date for the '955 application would be the date that it received page 1 of the specification unless the applicant established by petition that the application was complete without page 1.

Britannica responded to the notices by filing a Petition for Granting a Filing Date, in which Britannica argued that the missing page was not necessary to understand the subject matter claimed and requested that the application be accepted without the omitted page. Britannica did not include an oath or declaration from the inventors to support its petition. The PTO issued a Decision on Petition, stating that the application was *prima facie* incomplete without the first page of the specification and that Britannica's argument that the first page was unnecessary could not be accepted without an oath or declaration from the inventors as required by the Manual of Patent Examining Procedure (MPEP) § 608.01. *See Manual of Patent Examining Procedure* 600-28 to -29 (5th ed. Rev. 15 Aug. 1993). The PTO dismissed Britannica's Petition for Granting a Filing Date without prejudice, stating that the amended application without page 1 could receive the filing date of August 31, 1993, if Britannica filed a request for reconsideration along with an oath or declaration from the inventors stating that their invention was adequately disclosed in the application without page 1. Britannica requested a four-month extension on February 28, 1994, but never filed a request for reconsideration.[2] The PTO issued a notice of abandonment for the '955 application on March 23, 1995.

_____

[2] We are aware of no evidence that the applicant ever paid the filing fee for the '955 application. During oral argument, counsel directed the court to J.A. 1117 and claimed that Britannica had authorized the PTO to deduct all fees, including filing fees for the '955 application. Oral Argument at 22:54–23:11, *Encyclopaedia Britannica,*

Prior to the abandonment of the '955 application, on February 28, 1994, Britannica filed U.S. Patent Application No. 08/202,985 (the '985 application), which claims priority to the '955 application and indicates that the '955 application claims priority to the '917 application. The '985 application issued as U.S. Patent No. 6,546,399 (the '399 patent) on April 8, 2003. Prior to issuance of the '399 patent, Britannica filed U.S. Patent Application No. 10/103,814, which also claims priority to the '917 application through a priority chain including the '985 and '955 applications. The two patents in suit claim priority back through this chain to the '917 application.

The court held that the '955 application was not entitled to the priority date of the '917 application because it did not contain a specific reference to the earlier application as required by 35 U.S.C. § 120. The court reasoned that because the '955 application was not entitled to claim priority to the '917 application, no later patent in the chain could claim priority to the '917 application through the '955 application.

Because the patents in suit could not claim priority through the '955 application to the '917 application's filing date (October 26, 1989), the district court held that the patents were invalid as anticipated by the foreign patent application, which was published May 16, 1991. The district court therefore granted summary judgment of

_Inc. v. Alpine Elecs. of Am., Inc._, No. 2009-1544 (Fed. Cir. May 4, 2010), _available at_ http://oralarguments.cafc.uscourts.gov/mp3/2009-1544.mp3. J.A. 1117, however, only authorizes the PTO to deduct fees for a further extension of time under 37 C.F.R. § 1.136(a); it does not authorize the blanket fee payment which would include the filing fee as counsel claimed.

invalidity in favor of Defendants.  Britannica appeals.  We have jurisdiction pursuant to 35 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's interpretation of a statute *de novo.  Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co.*, 112 F.3d 1561, 1564 (Fed. Cir. 1997).  We review a district court's grant of summary judgment *de novo*, reapplying the standard applicable at the district court. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344 (Fed. Cir. 2007).  "While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008).

There is no factual dispute over whether the published foreign patent application contains all the elements of the claims of the patents in suit.  The sole issue on appeal, one of first impression for this court, is whether 35 U.S.C. § 120 requires an intermediate application in a priority chain to "contain a specific reference to the earlier filed application."[3]  At the time the '955 application was pending before the PTO, § 120 provided as follows:

> An application for patent for an invention dis-closed in the manner provided by the first para-graph of section 112 of this title in an application previously filed in the United States, or as pro-vided by section 363 of this title, which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the

---

[3]    Our predecessor court previously established that there is no limitation under the statute to the number of applications through which a later application can trace its claim to the benefit of a first application's filing date. *See In re Henricksen*, 399 F.2d 253 (CCPA 1968).

> prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

35 U.S.C. § 120 (1988). Britannica argues that the district court erred by interpreting the language of § 120 to require that each application in a series of continuing applications must contain a specific reference to the original application. Defendants argue that the district court did not err in its interpretation of § 120 because the plain language of the statute requires all applications in a chain of priority to specifically reference the original application. In the alternative, Defendants assert that we may affirm the district court's judgment on the basis that the '955 application was not co-pending with the '917 application because the '955 application was filed on the same day the '917 application issued as the '671 patent. Defendants also argue that the '955 application is not entitled to any filing date because Britannica never paid the required filing fees or filed an oath or declaration stating that the missing page was unnecessary to the application.

We agree with the district court's construction of § 120. Section 120 allows an application for a patent to "have the same effect, as to such invention, as though filed on the date of the prior application." *Id.* However, there are several requirements a later-filed application must meet in order to be entitled to this benefit under § 120. First, the invention described in the new application must be "disclosed . . . in an application previously filed in the United States." *Id.* Second, the application must be "filed by an inventor or inventors named in the

previously filed application." *Id.* Third, the application must be co-pending with the earlier application, or "filed before the patenting or abandonment of or termination of proceedings on the first application." *Id.* Fourth, the application must "contain[] or [be] amended to contain a specific reference to the earlier filed application." *Id.*

With respect to the third requirement, an application can also claim the benefit of the filing date of an earlier application through a chain of co-pending applications. Even if a new application is not co-pending with the first application, § 120 states that the application can meet the co-pendency requirement if it is "filed before the patenting or abandonment of or termination of proceedings on . . . an application similarly entitled to the benefit of the filing date of the first application." *Id.*

The phrase "similarly entitled" is the language at issue in this case. Britannica agrees that the four requirements listed above relate to the final application in a priority chain, but Britannica argues that "similarly entitled" applications are not required to contain a specific reference to an earlier filed application. Therefore, Britannica asserts that it is immaterial whether the '955 application includes a specific reference to the '917 application because it is a "similarly entitled" intermediate application and not the final application in the priority chain.

Britannica makes several arguments in support of its interpretation of § 120 with respect to the requirements for "similarly entitled" applications. First, Britannica argues that the phrase "similarly entitled" only relates back to what occurs prior to it in § 120, specifically the first three requirements. Britannica suggests that because the fourth requirement occurs after the phrase, and because it is part of an independent clause separated from

the other three requirements by the conjunction "and," the fourth requirement is not one of the criteria for entitlement to an earlier priority date for a "similarly entitled" application. The plain language of § 120 contradicts Britannica's position. Although it is true that the phrase "similarly entitled" relates back to the beginning of § 120, the phrase relates back to the words "[a]n application" at the start of the section. "An application" as described in § 120 is only entitled to the benefit of the filing date of an earlier application if it meets all four requirements of the statute, including a specific reference to the earlier application.

Second, Britannica argues that because § 120 discusses intermediate applications that are "entitled" to the benefit of the original application's filing date, instead of ones that "claim" the benefit, an intermediate application does not need to contain a specific reference to the original application. We do not agree. There is nothing in the language or legislative history of § 120 to suggest that an application is entitled to an earlier priority date even if it fails to make a specific reference to an earlier application. For an application to be entitled to the filing date of an earlier application under § 120, all four requirements must be met, including referencing the earlier application. Even Britannica concedes that this is what "similarly entitled to" means today under the statute as it currently stands.

In 1999, Congress amended § 120 by adding the following sentences:

> No application shall be entitled to the benefit of an earlier filed application under this section unless an amendment containing the specific reference to the earlier filed application is submitted at such time during the pendency of the applica-

tion as required by the Director. The Director may consider the failure to submit such an amendment within that time period as a waiver of any benefit under this section. The Director may establish procedures, including the payment of a surcharge, to accept an unintentionally delayed submission of an amendment under this section.

Pub. L. No. 106-113, § 1000(a)(9) & App. I § 4503(b)(1), 113 Stat. 1536 (1999). Britannica argues that the addition of the first sentence, which requires intermediate applications to contain a specific reference to the earlier application, suggests that the law prior to the amendment did not contain such a requirement. The Defendants respond that Congress stated that the purpose of the 1999 amendment was to "establish a time by which the priority of an earlier filed United States application must be claimed," not to change the basic requirements for entitlement to the benefit of a prior application's filing date. Appellee's Br. 25–26 (*quoting* H.R. Rep. No. 106-464, at *131–32 (1999) (Conf. Rep.)). We agree. The 1999 amendment relates to the imposition of a new time limit for claiming priority. The portion of the amendment that indicates that to be "entitled to the benefit of an earlier filed application," each application in a priority chain must contain a specific reference to the application to which it is claiming priority, merely explains, not changes, what was required. The phrase "amendment containing the specific reference to the earlier filed application" identifies the submission date by which the time limit is to be measured; it does not add a new reference requirement for intermediate applications.

Britannica also argues that the district court's interpretation of § 120 serves no statutory purpose because any notice function created by § 120 was fulfilled by the '018 and '437 patents, each of which claims priority to the

'917 application. Britannica argues that the primary purpose of § 120 is to provide "continuity of disclosure" through the chain of applications on file. Britannica explains that in the circumstances of this case, the public is not deceived because the '955 application was abandoned and not published. And when the patents in suit issued, they indicated the claim of priority from the '955 application to the '917 application. Britannica explains that under these facts nobody is harmed by the '955 application's failure to claim priority to the '917 application because nobody is aware of this infirmity until the next patent in the chain issues, and because that next patent makes the assertion of priority. Oral Argument at 5:16–5:54, *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, No. 2009-1544 (Fed. Cir. May 4, 2010), *available at* http://oralarguments.cafc.uscourts.gov/ mp3/2009-1544.mp3; Appellant's Br. 43–44 (*citing* 37 C.F.R. § 1.14(b) (1993)).

We do not agree. Later applications cannot amend the '955 application and restore its entitlement to priority. The '955 application failed to claim priority to the '917 application. The applicants allowed the '955 application to go abandoned even after being informed by the PTO of its infirmities. It makes no sense to allow the applicant to rewrite history and resurrect the '955 application's priority claim. The '955 application did not contain a specific reference to the '917 application. Therefore, it failed to satisfy the requirements of § 120 and is not awarded the benefit of the earlier filing date in the United States. There does not actually appear to be any dispute over this—the '955 application failed to meet all four requirements of § 120 and therefore does not have the same effect as though filed on the date of the '917 application. Britannica's claim that a later application can cure this defect and restore the priority chain cannot be correct.

In light of our determination that the '955 application is not entitled to the priority date of the '917 application because it failed to specifically reference the '917 application as required by § 120, we need not resolve the Defendants' alternative grounds for affirming. We therefore leave for another day whether filing a continuation on the day the parent issues results in applications that are copending as required by the statute.

We also leave for another day whether the '955 application is entitled to the filing date of August 31, 1993. The district court concluded that because of infirmities in the '955 application, it "was not entitled to any filing date." Therefore the district court concluded the patents in suit are only entitled to the February 28, 1994 filing date. The patents in suit are anticipated by the May 16, 1991 publication regardless of whether they are entitled to the August 31, 1993 filing date or the February 28, 1994 filing date. Therefore, we need not decide whether the '955 application is entitled to a filing date of August 31, 1993 pursuant to 35 U.S.C. § 111.

CONCLUSION

Summary judgment in this case hinged entirely on the issue of statutory interpretation. We conclude that § 120 requires each application in the chain of priority to refer to the prior applications. Because the '955 application failed to specifically reference the earlier filed '917 application, it is not entitled to the priority date of the '917 application under § 120. Because the '955 application did not claim priority to the '917 application, the patents in suit cannot claim priority to the '917 application through the '955 application. In light of our statutory interpretation, there remain no factual disputes regarding anticipation. Therefore, summary judgment was properly granted.

For the above reasons, the judgment of the district court is

**AFFIRMED.**