NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER V. BOESEN,**
*Plaintiff-Appellant,*

v.

**GARMIN INTERNATIONAL, INC.,**
*Defendant-Appellee,*

**and**

**TOMTOM, INC.,**
*Defendant-Appellee.*

---

2010-1488

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 08-CV-3248, Judge Rebecca R. Pallmeyer.

---

Decided: December 15, 2011

---

PETER V. BOESEN, of Des Moines, Iowa, pro se.

B. TRENT WEBB, Shook, Hardy & Bacon, LLP, of Kansas City, Missouri, for defendant-appellee Garmin Inter-

national, Inc.   On the brief were ABRAM P. SEITZ and
ABRAN J. KEAN.

JAMES H. WALLACE, JR., Wiley Rein L.L.P., of Wash-
ington, DC, for defendant-appellee TomTom, Inc.   With
him on the brief was BRIAN H. PANDYA.  Of counsel was
KEVIN P. ANDERSON.

---

Before RADER, *Chief Judge*, LINN and MOORE, *Circuit
Judges*.

PER CURIAM.

Dr. Peter V. Boesen appeals the district court's grant
of summary judgment holding claims 1, 2, 4, 9, and 10 of
United States Patent No. 6,784,873 ('873 patent) antici-
pated by a prior art Acura navigation system.  Because
there is no genuine issue of material fact and summary
judgment of invalidity is appropriate, we *affirm*.

## BACKGROUND

The '873 patent is generally directed to a method and
medium for a computer readable keyboard display inca-
pable of user termination.  '873 patent Abstract.  The
patent purports to solve the problem of prior art touch
screen keyboards which could accidentally be moved,
resized, minimized, or altered on the screen.  '873 patent
col.1 ll.34-39.  The solution is to "provide an on-screen
keyboard which is incapable of alteration or termination
by a user." '873 patent col.1 ll.43-45.  An application asks
for user input through the use of fields, and the user
provides that input via the displayed keyboard.  '873
patent col.3 ll.14-20.  The keyboard, however, "may not be
moved, maximized, or minimized" and therefore "provides
the user with a constant input area to which the user may

become accustomed and becomes an integral component." '873 patent col.3 ll.21-26.

While the specification suggests that the keyboard is a persistent (or in the words of the patent, "immutable," '873 patent col.3 ll.43-46) presence on the display, the claims are not so limited. Claim 1 is typical of the claims at issue in this litigation:

> 1. A method of entering data on a touch screen display, the method comprising: invoking a computer program in which user input is sought; invoking an input area, including a plurality of data input fields; invoking a graphical keyboard area incapable of user termination independent of termination of the input area, the graphical keyboard area having a plurality of keys on the display; selecting keys on the keyboard to provide the desired input; and automatically *terminating the graphical keyboard area after the desired input is received in the input area.*

Independent claim 10, includes "removing the graphical keyboard" after "determining that further input from the user is no longer needed in the input area." Hence, both independent claims allow for the removal of the keyboard. It is axiomatic that the claims define the metes and bounds of the invention. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 632 F.3d 1246, 1252 (Fed. Cir. 2011).

On summary judgment, the district court held all asserted claims of the '873 patent invalid as anticipated by the prior art Acura navigation system. The Acura navigation system had a touch screen that could be used to input information. It was flanked by additional "hard" buttons that could be used to control the cursor on the screen and operate the system. The Acura navigation system is pictured below:



J.A. 4 (citing GARM00616367).

The court explained that the "only argument that Plaintiff raise[d] on the merits of anticipation relates to the hard buttons that are always present on both sides of the screen." J.A. 6. SP Technologies, L.L.C., the named plaintiff at the time, argued that because the hard buttons flanking the Acura navigation system's touch screen could be used to, e.g., cancel the display, the system cannot anticipate the patent. J.A. 6.[1] The court acknowledged that the hard buttons could lead to on-screen results, J.A. 6-7, but held this did not prevent the Acura navigation system from anticipating the asserted claims since the Acura system "discloses a computer program that seeks user input by displaying an input area and invoking an on-screen keyboard that cannot be terminated independently of the input area." J.A. 7.

The court pointed to various display screens, as evidenced by the Acura navigation system manual, that

---

[1] The plaintiff also argued that the evidence related to the Acura navigation system was "inadmissible and that it does not establish the workings of a single device that was publicly available." J.A. 3. The court disagreed and this issue was not appealed.

included an input for a city name along with an on-screen keyboard that allowed the user to input letters to the city name field. The court explained that "the user selects keys on the keyboard to provide the desired input and the on-screen keyboard automatically terminates once the desired input is received" and the user presses the "find" key on the display. J.A. 8. While the court explained that the "Acura Navigation System's joystick *can* be used instead of the touch screen to select the on-screen keyboard's keys," it concluded that this additional functionality was "immaterial" to the anticipation analysis since the touch screen portion of the Acura system contained every limitation of the claim. J.A. 8. After analyzing the additional limitations in dependent claims 2, 4, and 9, and the other asserted independent claim, claim 10, the court held there was no genuine dispute of material fact and that the defendants were entitled to summary judgment of invalidity based on anticipation by the Acura navigation system. J.A. 9.

The district court's judgment was initially appealed by SP Technologies. Dr. Boesen is now the real party of interest, and pursues the appeal pro se. We have jurisdiction pursuant to 28 U.S.C. § 1295.

## DISCUSSION

A patent claim is anticipated if each and every limitation is found in a single prior art reference. 35 U.S.C. § 102. Although anticipation is a question of fact, summary judgment may be appropriate if the record reveals no genuine dispute of material fact. *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 609 F.3d 1345, 1349 (2010). We review the trial court's grant of summary judgment *de novo*. *Billups-Rothenberg, Inc. v. Assoc. Reg'l & Univ. Pathologists, Inc.*, 642 F.3d 1031, 1036 (Fed. Cir. 2011). Summary judgment is appropriate

when, drawing all reasonable inferences in favor of the non-movant, there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed.R.Civ.P. 56(c).

On appeal, Dr. Boesen raises a number of arguments that were not raised below. We typically do not consider arguments raised for the first time on appeal: "With a few notable exceptions, such as some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal. If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997).

Regardless, Dr. Boesen's arguments on appeal are unavailing. Though framed as factual issues regarding the disclosure of the prior art, Dr. Boesen's arguments are primarily directed to claim interpretation. For example, Dr. Boesen argues that the Acura system does not disclose "a graphical keyboard area incapable of user termination independent of termination of the input area" because in some screens the "done" button remains in the same place after the input is complete. Pl.-Appellant's Br. 19-44. Thus, after entering in, e.g., the user's pin and hitting the "done" button on the screen, the subsequent screen has different input fields but maintains a "done" button in the same place. *Id.* at 26-27. Dr. Boesen also argues that the possibility of additional inputs using the Acura navigation system's joystick precludes anticipation since this is an "alternative means of input." *Id.* at 44-49. This same argument is essentially repeated by Dr. Boesen when he argues that claim 10 is not anticipated because "the user can at any time otherwise provide input through the hard buttons and the joystick." *Id.* at 50; *see also, e.g., id.* at 51 (system "*never* requires input within the input area" since

it "can *always* be entered into the Acura Navigation System using alternative means"). Likewise, Dr. Boesen claims the preamble should be limiting, and that "all data flow must be able to move through the touch screen." *Id.* at 57. Dr. Boesen argues that the Acura system cannot anticipate because it does not require input solely through the on-screen keyboard at all times – and in some instances only allows input through the hard buttons. *Id.* at 60-63.

These are not factual disputes regarding the scope or content of the prior art navigation system, but rather disputes over claim scope. The claims at issue do not preclude additional inputs beyond use of the touch sensitive on-screen keyboard. Both independent claims 1 and 10 are open ended "comprising" claims. "'Comprising' is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim." *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997). The district court correctly explained that as long as the Acura navigation system can – and does – perform the claimed input method, it is of no consequence that it can also perform other input methods. Contrary to Dr. Boesen's arguments, the claims have no other language to suggest that the input must *always* come via the on-screen keyboard. Moreover, even if the preamble were to be limiting, this would not narrow the scope of the claims in a way that avoids invalidity: the Acura navigation system still practices these claims when a user inputs information using the on-screen keyboard, followed by pressing an on-screen acceptance key such as "done" or "find" which dismisses the input field. The fact that the user of the Acura system could also make the input using the joystick or that the subsequent screen has a different input field with the same acceptance key in the

same location simply does not take it outside the scope of these broad claims.

Even assuming the Acura navigation system functioned as described in Dr. Boesen's brief, use of the system still falls within the scope of the asserted claims. It is axiomatic that a product which would "infringe if later in time anticipates if earlier than the date of the invention." *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987). The district court therefore correctly concluded that no genuine issue of material fact precluded summary judgment of invalidity based on the Acura navigation system. We have considered Dr. Boesen's additional arguments on appeal and find them to be without merit.

**AFFIRMED**